IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **4:07CR3111** |
| Plaintiffs, | |
| vs. | **AMENDED ORDER** |
| LISA DIANNE HARRINGTON, | |
| Defendant. | |

The Marshal reports that Defendant has become very agitated this evening and needs mental health treatment.

Accordingly,

IT IS ORDERED:

1) The defendant is released to obtain mental health treatment at the location chosen by **law enforcement personnel**. Defendant shall fully comply with the requirements of her treatment plan and all rules of the mental health care facility.

2) If the defendant is discharged from the facility for any reason whatsoever, or leaves the premises of the facility without authorization, Defendant shall immediately contact her lawyer, and the United States Marshal, and/or any law enforcement officer is ordered to take the defendant into custody and detain the defendant pending a prompt hearing before the court.

3) While on release:

   a) Defendant shall truthfully report to the United States Probation and Pretrial Services Office as directed [telephone no. (402) 437-1920] and comply with their directions.

b) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

c) Defendant shall refrain from any use or possession of alcohol.

d) Defendant shall not possess or use a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

e) Defendant shall submit to any method of testing at his/her own expense as required by the officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and may include urine testing, the wearing of a sweat patch, blood tests, and/or a remote alcohol testing system. Defendant shall not obstruct or attempt to obstruct or tamper in any fashion with the efficiency and accuracy of any substance testing equipment, nor submit samples of body fluids which are not his/her own, nor otherwise adulterate any samples submitted for testing. All collections of fluids for testing shall be at the defendant's expense, payable at the time of collection.

f) Defendant shall participate in a program of inpatient substance abuse therapy and counseling if deemed advisable by the supervising officer; and pay all or a portion of the treatment in an amount and on a schedule to be arranged by the supervising officer. Copies of the evaluator's reports and recommendations shall be given to all counsel and the court.

g) Defendant shall report as soon as possible to the supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

h) Defendant shall not be with, associate with, or communicate with persons known or suspected to be or to have been involved in drug use or trafficking or weapons possession or weapons trafficking without the

prior approval of the supervising officer or the Court and/or as required by a treatment regimen.

i) Defendant shall submit to search of person, place of residence or vehicle, upon the request of law enforcement or Pretrial Services.

April 8, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge